915 F.2d 1565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ray LINDSEY, Plaintiff-Appellant,
v.
NATIONAL SECURITY AGENCY/CENTRAL SECURITY SERVICE, Defendant-Appellee.
 No. 90-2408.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 31, 1990.
Decided Oct. 9, 1990.
Rehearing Denied Nov. 6, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CA-87-1564-HM)
 Ray Lindsey, appellant pro se.
 Roann Nichols, Office of the United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ray Lindsey appeals the district court's grant of defendant's summary judgment motion. Lindsey v. National Security Agency, CA-87-1564-HM (D.Md. May 23, 1990). Lindsey's complaint concerns documents he requested from the National Security Agency/Central Security Service (NSA) under the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552, and the Privacy Act (PA), 5 U.S.C. Sec. 552a. The NSA did not disclose these documents, for several reasons, and Lindsey sought judicial intervention.
 
 
 2
 Lindsey requested copies of all records pertaining to (1) Lindsey v. NSC, (2) COMINT, codename Rainmaker, (3) Jeanne Dixon, (4) Dr. Jacques Vallee, (5) Glomar Explorer, and (6) a UFO codenamed Blue Sky. Lindsey later expanded his request by asking that the NSA provide all documents pertaining to the Iranian arms-for-hostages deal.
 
 
 3
 After searching, the NSA informed Lindsey that no documents were discovered relating to (1), (3), and (4). The NSA later informed Lindsey that it did not find any documents relating to the Glomar Explorer, (5). The NSA refused to acknowledge the existence or non-existence of documents relating to the arms-for-hostages deal and halted the search for documents pertaining to (2) and (6) because Lindsey did not pay the search and duplication fees.
 
 
 4
 The district court correctly found that the NSA did not waive any exhaustion requirements in this case by failing to respond to Lindsey's first list of FOIA requests within ten working days of its receipt. Accordingly, since the NSA responded in a timely manner, Lindsey was required to appeal to the NSA within forty-five days. As stated by NSA regulations, this appeal shall reference the initial denial and the grounds upon which the requester believes the information should be released. 32 C.F.R. Sec. 299.5. Lindsey's appeal two years later does not conform to these requirements. Therefore, since Lindsey has not exhausted his administrative remedies, the district court properly granted summary judgment for the defendants regarding documents (1), (2), (3), (4), and (6). See Dettman v. United States Dep't of Justice, 802 F.2d 1472, 1476-77 (D.C.Cir.1986) (before a party can seek judicial review, administrative remedies must be exhausted); see also Spannaus v. United States Dep't of Justice, 824 F.2d 52, 59 (D.C.Cir.1987) (cause of action under FOIA accrues when requester exhausts administrative remedies).
 
 
 5
 The NSA did not respond to Lindsey's second FOIA request, involving arms-for-hostages records, until about a month after it was made. Therefore, Lindsey has constructively exhausted his administrative remedies since the NSA did not respond within ten days. See 5 U.S.C. Sec. 552(a)(6)(C). However, the district court properly ruled that these documents are exempt from FOIA disclosure under 5 U.S.C. Sec. 552(b)(1) and (3).
 
 
 6
 In deciding whether documents are exempt from disclosure under Sec. 552(b)(1), the court must make a de novo review of the agency's classification decision. When making this review substantial weight should be given to affidavits from the agency. Hayden v. National Security Agency, 608 F.2d 1381 (D.C.Cir.1979), cert. denied, 446 U.S. 937 (1980). If the affidavits show, with reasonable specificity, why the requested records are exempt and if this information is not contradicted in the record and there is no evidence of bad faith on the part of the agency, then there is a sufficient basis for summary judgment. Id. at 1387-88.
 
 
 7
 The NSA has included in its motion for summary judgment an affidavit of Dr. Richard W. Gronet, Director of Policy of the National Security Agency. As noted by the district court, Dr. Gronet's affidavit complies with the above criteria. None of the information offered by the NSA in Dr. Gronet's affidavit is contradicted in the record. Nor has any bad faith on the NSA's part been shown. Lindsey has differed with the NSA's factual allegations only in a conclusory manner. Therefore, the district court properly granted summary judgment for the NSA on this issue. See id.
 
 
 8
 Originally, the NSA refused to confirm the existence or nonexistence of any documents relating to the Glomar Explorer, request (5). Over two years later, however, the NSA informed Lindsey that they had reconsidered their original decision, had conducted a search for records relating to the Glomar Explorer, and had not discovered any files responsive to that request. Lindsey filed a timely appeal of this decision. Because the NSA never responded to his appeal, Lindsey has constructively exhausted his administrative remedies. See 5 U.S.C. Sec. 552(a)(6)(C).
 
 
 9
 When an agency states that it cannot locate the requested records, it must show that it has conducted a search reasonably calculated to uncover the documents in order to be entitled to summary judgment. Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C.Cir.1984); Weisberg v. United States Dep't of Justice, 627 F.2d 365 (D.C.Cir.1980). To support its contention, the agency may submit affidavits stating what kind of search was conducted and why the requested information was not discovered. These affidavits should be submitted in good faith and should be relatively detailed and non-conclusory. Weisberg, 745 F.2d at 1485 (summary judgment proper when FBI submitted numerous, detailed affidavits on scope of search issue); Weisberg, 627 F.2d at 370 (summary judgment for agency was improper when affidavit gave no detail as to the scope of the record search); Goland v. Central Intelligence Agency, 607 F.2d 339, 352-53 (D.C.Cir.1978) (summary judgment proper when agency submitted affidavit giving detailed description of search and explanation of why further searches would be unreasonably burdensome), cert. denied, 445 U.S. 927 (1980). The District of Columbia Circuit has noted that "in the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA." Perry v. Block, 684 F.2d 121, 127 (D.C.Cir.1982).
 
 
 10
 As stated by the District of Columbia Circuit, to accept the NSA's "claim of inability to retrieve the requested documents in the circumstances presented is to raise the specter of easy circumvention of the Freedom of Information Act...." Founding Church of Scientology v. National Security Agency, 610 F.2d 824, 836-37 (D.C.Cir.1979) (summary judgment improper because agency affidavit did not settle material issue of whether agency search was adequate). An agency is not obliged to reorganize its files but it does have a duty to make reasonable efforts to satisfy FOIA requests; otherwise the goals of the FOIA are unattainable. Id. at 837.
 
 
 11
 The district court's grant of summary judgment on the Glomar Explorer documents was improper. The NSA submitted only one affidavit to the district court. In his affidavit, Dr. Gronet does not offer any explanation of what type of search was conducted for documents involving the Glomar Explorer. The NSA has not presented any proof regarding the scope and the method of the search conducted for these documents as is required for summary judgment.
 
 
 12
 We affirm the district court's grant of summary judgment regarding all requested documents except the Glomar Explorer documents. Because the NSA has not submitted any evidence stating, in reasonable detail and in a non-conclusory manner, what type of search was conducted for records relating to the Glomar Explorer, we vacate the district court's decision on this issue and remand for the presentation of further evidence. We dispense with oral argument because the facts and legal contentions are adequately presented on this record and argument would not aid the decisional process.
 
 
 13
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.